IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA DURAN,

      Plaintiff,                        No. 2:11-cv-2978 DAD

     vs.

CAROLYN W. COLVIN,                 ORDER
Commissioner of Social Security,

      Defendant.
_____/

        This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

        On November 14, 2008, plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act) and for Supplemental Security Income (SSI) under Title XVI of the Act, alleging disability beginning on January 1, 2004. (Transcript (Tr.) at 11, 106-19.) Plaintiff's application was denied initially and upon reconsideration. (Id. at 53-57, 60-64.) A hearing was held before an Administrative Law Judge

(ALJ) on June 16, 2010.  (Id. at 25-45.)  Plaintiff was represented by counsel and testified at the administrative hearing.  In a decision issued on November 15, 2010, the ALJ found that plaintiff was not disabled.  (Id. at 20.)  The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since January 1, 2004, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments:  Turner syndrome, an adjustment disorder with anxiety and depressed mood, and a learning disorder.  (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can perform only unskilled non-detailed tasks.  She can relate to coworkers and supervisors, but not the public.
>
> 6. The claimant is capable of performing past relevant work as an agricultural sorter, a hand packager, and a nut sorter.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2004, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Id. at 13-20.)

On September 9, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 8, 2011.

/////

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff argues that the ALJ committed the following three principal errors in finding her not disabled: (1) the ALJ erred with respect to her treatment of the medical opinion evidence; (2) the ALJ failed to credit the testimony of the vocational expert in response to hypothetical questions posed that accurately reflected plaintiff's limitations; and (3) the ALJ improperly rejected plaintiff's own testimony concerning her subjective symptoms.

**I.    Medical Opinions**

Plaintiff argues that the ALJ erred with respect to her treatment of the medical opinion evidence. (Pl.'s MSJ (Doc. No. 17) at 14-17.[1]) Specifically, plaintiff argues that the ALJ tacitly rejected the limitations indicated by the medical opinions of Drs. James Scaramozzino and D. Conte. (Id. at 17.)

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

The decision states that with respect to Dr. Scaramozzino's February 20, 2009 opinion, the ALJ found that opinion to be "consistent with the medical evidence of record" and, therefore, purported to give "significant weight to this opinion." (Tr. at 19.)  With respect to Dr. Conte's March 4, 2009 opinion, the ALJ found that opinion to be "consistent with the medical records as a whole and the objective findings contained in those records" and accordingly purported to give "significant weight to this opinion" as well.  (Id.)

Dr. Scaramozzino's opinion, however, found that plaintiff had a "significant cognitive/learning impairment, which would be predictable as having a negative impact on her ability to function effectively in a typical work environment." (Tr. at 217.)  Dr. Scaramozzino also found, in part, that plaintiff was "moderately impaired" in her ability to understand and remember very short and simple instructions, in her ability to maintain concentration and attention, in her ability to accept instructions from a supervisor and respond appropriately, and in her ability to complete a normal workday/workweek without interruptions at a constant pace. (Tr. at 218.)

Similarly, Dr. Conte's opinion of March 4, 2009, found in part that plaintiff had a "Moderate" degree of limitation with respect to difficulties in maintaining social functioning and in maintaining concentration, persistence or pace.  (Tr. at 228.)  Dr. Conte also found, in part, that plaintiff was "Moderately Limited" in her ability to remember locations and work-like procedures, in her ability to maintain attention and concentration for extended periods, in her ability to sustain an ordinary routine without special supervision, in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and in her ability to respond appropriately to changes in the work setting.  (Id. at 231-32.)

The ALJ's decision, however, found that plaintiff had the Residual Functional Capacity ("RFC") to perform light work, except only unskilled non-detailed tasks, and could not relate to the public.  (Tr. at 15.)  A claimant's RFC is "the most [the claimant] can still do despite

[his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1). The assessment of RFC must be "based on all the relevant evidence in [the claimant's] case record." Id.

Here, although the ALJ's decision purported to give significant weight to the opinions of Drs. Scaramozzino and Conte, the ALJ's RFC determination does not account for all of the limitations indicated by the opinions of those doctors. Specifically, the ALJ's RFC determination does not account for the doctors' findings with respect to plaintiff's limitations in her ability to remember locations and work-like procedures, in her ability to understand and remember very short and simple instructions, in her ability to maintain concentration and attention, in her ability to accept instructions from a supervisor and respond appropriately, in her ability to sustain an ordinary routine without special supervision, in her ability to complete a normal workday/workweek and in her ability to respond appropriately to changes in the work setting.

Moreover, Dr. Scaramozzino's was an examining physician.[2] An examining physician's uncontradicted opinion, like a treating physician's, may be rejected only for clear and convincing reasons, and when an examining physician's opinion is controverted by another doctor's opinion, the examining physician's opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. Thus, to the extent the ALJ may have disagreed with certain aspects of Dr. Scaramozzino's opinion, the ALJ was required to, at a minimum, offer specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Scaramozzino's opinion. Here, the ALJ did not offer any reason for failing to include the limitations indicated by the opinions of Drs. Scaramozzino and Conte in the ALJ's RFC determination.

Accordingly, the court finds that plaintiff is entitled to summary judgment in her favor with respect to her claim that the ALJ's treatment of the medical opinion evidence

---

[2] Dr. Conte was a non-examining physician. (Tr. at 220.)

6

1  constituted legal error.[3]

2  **II.    Vocational Expert**

3            Plaintiff also argues that the ALJ erred by failing to take into account the
4  combined effect of plaintiff's impairments when questioning the Vocational Expert ("VE") and
5  that, therefore, the VE's testimony at the administrative hearing was based on an incomplete
6  hypothetical.  In this regard, plaintiff argues that because the ALJ failed to include all the
7  limitations indicated by the opinions of Drs. Scaramozzino and Conte, the ALJ's hypothetical
8  question posed to the VE did not accurately reflect plaintiff's functional limitations.  (Pl.'s MSJ
9  (Doc. No. 17) at 20-22.)

10           While an ALJ may pose a range of hypothetical questions to a VE based on
11 alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for
12 the ALJ's determination, i.e., the hypothetical that is predicated on the ALJ's final RFC
13 assessment, must account for all of the limitations and restrictions of the particular claimant.
14 Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).  "If an ALJ's
15 hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no
16 evidentiary value to support a finding that the claimant can perform jobs in the national
17 economy."  Id. (citation and quotation marks omitted).

18           Here, because the ALJ failed to fully incorporate the opinions of Drs.
19 Scaramozzino and Conte, the ALJ's hypothetical question posed to the VE that ultimately served
20 as the basis for the ALJ's determination did not account for plaintiff's moderate limitations in her
21 ability to remember locations and work-like procedures, ability to maintain attention and
22 concentration for extended periods, ability to understand and remember very short and simple
23 instructions, ability to sustain an ordinary routine without special supervision, her ability to
24 complete a normal workday/workweek without interruptions at a constant pace or her ability to

25 ───────────────
26        [3] For the reasons explained below, the court cannot find that this error was harmless.

respond appropriately to changes in the work setting. (Tr. at 40-41.) See Brink v. Commissioner Social Sec. Admin., 343 Fed. Appx. 211, 212-213 (9th Cir. 2009)[4] ("Although the ALJ accepted that Brink has moderate difficulty with concentration, persistence, or pace, he nevertheless concluded, contrary to the vocational expert's testimony, that Brink can perform certain light work. This conclusion was based on an incomplete hypothetical question, and is not supported by substantial evidence. The hypothetical question to the vocational expert should have included not only the limitation to 'simple, repetitive work,' but also Brink's moderate limitations in concentration, persistence, or pace.").

Accordingly, the court concludes that plaintiff is also entitled to summary judgment in her favor on this issue as well.

### III. Plaintiff's Testimony

Finally, plaintiff argues that the ALJ improperly rejected plaintiff's own testimony regarding her subjective symptoms. (Pl.'s MSJ (Doc. No. 17) at 17-20.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

omitted).  "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ."  Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."  Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing."  Id.

Here, with respect to plaintiff's credibility, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms she alleged but that plaintiff's statements concerning the alleged intensity, persistence and limiting effects of the symptoms were not credible to the extent the were inconsistent with the ALJ's RFC determination.  (Tr. at 17-18.)  The ALJ's opinion offered the following specific reasons for discrediting plaintiff' testimony:

> The claimant alleges problems with memory and concentration. Although she does have some difficulty in this area, the doctors who evaluated her have all noted that her ability to concentrate during a conversation is unimpaired.  While she performed poorly on the tests administered by Dr. Richwerger, he did not consider these tests to be a valid measure of her memory or her functional abilities.  She performed normally on a memory task administered by a state agency psychologist and demonstrated that she could follow simple commands.

/////

> The claimant also alleges symptoms associated with depression. She does not have insurance, but sought treatment at San Joaquin Mental Health at the suggestion of her attorney. She did not follow through on that agency's referrals, which is not consistent with her claim of disabling depression. Further, despite her symptoms, she is able to perform chores around the house, go out alone, and take care of her personal needs.

(Tr. at 18.)

However, the ALJ's assertion with respect to plaintiff's problems with memory and concentration, or lack thereof, is an inaccurate characterization of the record. In this regard, Dr. Scaramozzino specifically found that plaintiff was moderately impaired in her ability to maintain concentration and attention. (Tr. at 218.) Similarly, Dr. Conte found that with respect to maintaining concentration, persistence of pace, plaintiff had a moderate degree of limitation.[5] (Id. at 228.)

The ALJ's opinion also discredited plaintiff's testimony because plaintiff apparently alleged symptoms associated with depression. (Tr. at 18.) However, on April 13, 2009, plaintiff had a "CRISIS" screening at a San Joaquin County Behavioral Mental Health Services office and received an Axis-I diagnoses code of 309.00. (Tr. at 247.) That diagnosis code corresponds to a diagnoses of "Adjustment Disorder With Depressed Mood." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS at 810, (Am. Psychiatric Ass'n, 4th Ed. 2000) ("DSM IV").

The ALJ's opinion also states that plaintiff's failed to "follow through on that agency's referrals" which the ALJ found to be inconsistent with plaintiff's "claim of disabling depression." (Tr. at 18.) The ALJ, however, failed to cite to any evidence that plaintiff complained of disabling depression. Moreover, the ALJ's opinion acknowledges that plaintiff "does not have insurance." (Tr. at 18.) "'[D]isability benefits may not be denied because of the

---

[5] Moreover, it is unclear to the court that the perceived ability to concentrate during a conversation necessarily undermines the broader allegation that one has difficulty with memory and concentration.

10

1  claimant's failure to obtain treatment he cannot obtain for lack of funds.'" Orn v. Astrue, 495

2  F.3d 625, 638 (9th Cir. 2007) (quoting Gamble v. Chater, 68 F.3d 319, 321 (9th Cir. 1995)).

3         The final reason offered by the ALJ for discrediting plaintiff's testimony was the

4  ALJ's finding that plaintiff "is able to perform chores around the house, go out alone, and take

5  care of her personal needs." (Tr. at 18.) However, it is well established that social security

6  claimants need not be "utterly incapacitated to be eligible for benefits." Fair v. Bowen, 885 F.2d

7  597, 603 (9th Cir. 1989). See also Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005);

8  Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that

9  the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping,

10 driving a car, or limited walking for exercise, does not in any way detract from her credibility as

11 to her overall disability."). In general, the Commissioner does not consider "activities like taking

12 care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social

13 programs" to be substantial gainful activities. 20 C.F.R. § 404.1572(c). See also 20 C.F.R. §

14 404.1545(e).

15        For all of these reasons, the court finds that the ALJ's opinion does not offer

16 specific, clear and convincing reasons for rejecting plaintiff's testimony regarding her subjective

17 symptoms and their severity. Accordingly, the court finds that plaintiff is also entitled to

18 summary judgment in her favor with respect to this claim.

19                        **CONCLUSION**

20        With error established, the court has the discretion to remand or reverse and award

21 benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose

22 would be served by further proceedings, or where the record has been fully developed, it is

23 appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v.

24 Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues

25 that must be resolved before a determination can be made, or it is not clear from the record that

26 /////

the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, when the opinions of Drs. Scaramozzino and Conte are given the significant weight that the ALJ's opinion purported to afford them, the evidence of record demonstrates that plaintiff was disabled when Dr. Conte rendered his opinion on March 4, 2009.[6] In this regard, when asked a hypothetical question that included the limitations indicated by Dr. Conte's opinion, the VE testified that those limitations would preclude plaintiff from being "retained" for employment. (Tr. at 41-43.) Thus, the ALJ erroneously concluded that plaintiff had not been under a disability at any time from January 1, 2004, through November 15, 2010, the date of the ALJ's decision.

However, while it is clear that plaintiff was under a disability as of March 4, 2009, it is not clear from the administrative record before the court if the date of onset of disability is that date or sometime prior thereto.[7] See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (affirming remand to determine onset date where ALJ did not address the issue and evidence in the record did not establish onset date); Regennitter, 166 F.3d at 1300 (finding claimant disabled but remanding for determination of onset date); Armstrong v. Commissioner, 160 F.3d 587, 590 (9th Cir. 1998) (Where, after reviewing the record, the court found it unclear when the claimant's disabilities became disabling the case was remanded with instruction to determine when the claimant became disabled).

Accordingly, the court will remand the matter for further administrative proceedings consistent with this order and solely for the limited purpose of determining the correct date of onset of plaintiff's disability. See Widmark v. Barnhart, 454 F.3d 1063, 1065 (9th

---

[6] The court notes that, as discussed above, examining physician Dr. Scaramozzino's February 20, 2009 opinion both preceded and was consistent with Dr. Conte's March 4, 2009 opinion.

[7] As noted above, in her application for application for Disability Insurance Benefits and for Supplemental Security Income, plaintiff alleged an onset date of disability of January 1, 2004.

Cir. 2006) (reversing and remanding for proceedings consistent with the court's decision that the ALJ improperly rejected an examining physician's opinion); see also Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) ("the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.").

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 17) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 21) is denied;

3. The decision of the Commissioner of Social Security is reversed; and

4. This case is remanded for further proceedings consistent with this order.

DATED: March 25, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/duran2978.order