1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DURAN, | No. 2:11-cv-2978 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").

Plaintiff brought this action seeking judicial review of a final administrative decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act. On March 25, 2013, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's motion, reversed the decision of the Commissioner and remanded the action for further proceedings.

The court's decision was based upon the conclusion that the Administrative Law Judge ("ALJ") erred with respect to his treatment of the medical opinion evidence, failed to ask the Vocational Expert a hypothetical question that accounted for all of plaintiff's limitations and

1

1  restrictions and failed to offer specific, clear and convincing reasons for rejecting plaintiff's
2  testimony regarding her subjective symptoms. (Doc. No. 22.)  Moreover, in light of the evidence
3  before the court, it was clear that plaintiff was disabled as of March 4, 2009, although it was not
4  clear whether plaintiff was disabled prior to that date.  Accordingly, the court remanded the
5  matter solely for the limited purpose of determining the correct date of onset of plaintiff's
6  disability.

7  On June 24, 2013, plaintiff filed a motion for attorney fees seeking a fee award of
8  $4,656.76 for 25.3 hours of attorney time expended in connection with this action.  (Doc. No. 23.)
9  Despite being served with a copy of plaintiff's motion, and the passage of ample time, defendant
10 failed to file an opposition or statement of non-opposition.

11 The EAJA provides that "a court shall award to a prevailing party . . . fees and
12 other expenses . . . incurred by that party in any civil action . . . brought by or against the United
13 States . . . unless the court finds that the position of the United States was substantially justified or
14 that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  See also
15 Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its
16 position was substantially justified or that special circumstances exist to make an award unjust."
17 Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001)

18 A "party" under the EAJA is defined as including "an individual whose net worth
19 did not exceed $2,000,000 at the time the civil action was filed[.]"  28 U.S.C. § 2412(d)(2)(B)(i).
20 The term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. §
21 2412(d)(2)(A).  "The statute explicitly permits the court, in its discretion, to reduce the amount
22 awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted'
23 the final resolution of the case."  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28
24 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

25 A party who obtains a remand in a Social Security case is a prevailing party for
26 purposes of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this
27 Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant
28 to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") .

"An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d at 1257.

Here, the court finds that plaintiff is the prevailing party. Moreover, the court finds that plaintiff did not unduly delay this litigation, and that her net worth did not exceed two million dollars when this action was filed. The court also finds that the position of the government was not substantially justified. See Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action."); Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("While the government's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors such as the ones in the present case is difficult to justify."); Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding no substantial justification where the Commissioner "did not prove that her position had a reasonable basis in either fact or law" and "completely disregarded substantial evidence" of the onset of disability).

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[1] See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'" Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)). The district court must consider "'the relationship

/////

---

[1] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested rates are consistent with the statutory maximum rates established by the Ninth Circuit.

1  between the amount of the fee awarded and the results obtained.'" Id. at 989 (quoting Hensley,
2  461 U.S. at 437).
3         Here, plaintiff's attorney obtained an order for a new hearing despite defendant's
4  cross-motion for summary judgment.  Moreover, after carefully reviewing the record and the
5  pending motion, the court finds the claimed 25.3 hours to be a reasonable amount of attorney time
6  to have expended on this matter and declines to conduct a line-by-line analysis of counsel's
7  billing entries.  See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Vallejo v.
8  Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano
9  v. Astrue, No. 05-CV-3534, 2008 WL 623197, *4 (E.D. N.Y. Mar. 4, 2008).  While the issues
10 presented may have been straightforward, 25.3 hours can be fairly characterized as well within
11 the limit of what would be considered a reasonable amount of time spent on this action when
12 compared to the time devoted to similar tasks by counsel in like social security appeals coming
13 before this court.  See Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2
14 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkins v.
15 Astrue, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62
16 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL
17 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time);
18 Dean v. Astrue, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009)
19 (finding 41 hours to be a reasonable amount of time); cf. Costa v. Commissioner of Social Sec.
20 Admin., 690 F.3d 1132, 1137 (9th Cir. 2012) ("District courts may not apply de facto caps
21 limiting the number of hours attorneys can reasonably expend on 'routine' social security
22 cases.").
23        Plaintiff's motion includes a request that any EAJA fees awarded be paid directly
24 to plaintiff's attorney.  However, an attorney fee award under the EAJA is payable to the litigant
25 and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United
26 States by the claimant.  Astrue v. Ratliff, 560 U.S. 586, ---, 130 S. Ct. 2521, 2526-27, 2529
27 (2010).
28 /////

Subsequent to the decision in Ratliff, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset.  See Blackwell v. Astrue, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).  Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel.  The court will incorporate such a provision in this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Doc. No. 23) is granted;

2. Plaintiff is awarded $4,656.76 for attorney fees under 28 U.S.C. § 2412(d); and

3. Defendant shall determine whether plaintiff's EAJA attorneys' fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

Dated:  October 16, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\duran2978.eaja.ord